HOSKINS v. MELTON.

5-943                                            289 S. W. 2d 884

Opinion delivered May 7, 1956.

*Louis Tarlowski,* for appellant.

No brief for appellee.

LEE SEAMSTER, Chief Justice. The appellee, B. E. Melton, transacting business as Melton Truck Line, filed an application with the Arkansas Public Service Commission for a certificate of public convenience and necessity to transport lumber, plaswood and treated timber, within the State of Arkansas by motor vehicle over eleven designated routes. The appellants herein, D. W. Hoskins, C. N. Fikes, H. J. Fikes, D. L. Baker and Arkansas Motor Freight Lines, Inc., appeared before the Commission and protested the granting of such certificate. Each of the appellants alleged they were certified common carriers in Arkansas and that each was authorized to haul lumber. They further alleged that no public need existed for the proposed service of appellee; that appellants were able to furnish the equipment to supply any additional needs of the public in hauling lumber in the state.

After consideration of the testimony and evidence, the Commission issued a permit to the appellee.

The appellants appealed to the Pulaski Circuit Court, Second Division, from the Commission's order granting appellee the permit. The court modified the Commission's order and remanded the case to the Commission with directions to grant the applicant (appellee) a certificate of Public Convenience and necessity (permit) in accordance with the court's conclusion of facts. The instant appeal is from the Pulaski Circuit Court's order, approving the Commission's action of granting a certificate of public convenience and necessity (permit) to the appellee.

For reversal, the appellants list the following points.

(1) The judgment of the Pulaski Circuit Court and the Order of the Public Service Commission are arbitrary and against the weight of the evidence, and in conflict with the principles enunciated by this Court in such cases as *Missouri Pacific Railroad Co.* v. *Williams*, 201 Ark. 895, 148 S. W. 2d 644, and *Santee* v. *Brady*, 209 Ark. 224, 189 S. W. 2d 907.

(2) The judgment of the Pulaski Circuit Court is erroneous and arbitrary in authorizing appellee to render any service and to render service to intermediate points along the highways shown in its judgment, since the record is wholly devoid of any proof tending to show public need for service to intermediate points, or elsewhere.

(3) The Amendment to Order, dated May 31, 1955, issued by the Public Service Commission, permitting order to become immediately effective, is arbitrary and unlawful in direct contravention of Section 7 (f) of Act 397 of 1955.

(4) The judgment of the Court, and order of the Commission, in granting appellee any authority to operate as a motor carrier is arbitrary and contrary to the weight of the evidence and contrary to § 2 and 9 (a) of Act 397 of 1955.

The evidence is clear ·that appellants, with the exception of D. W. Hoskins, do not serve, nor do they have permits authorizing them to service the area which the appellee proposes to service. The appellant, D. W. Hoskins, services some but not all of the area. The record reveals that none of the appellants transports plaswood. The evidence further reveals that appellee has the equipment and desires to serve the lumber producers in a large area situated around Nashville and southwest Arkansas. It is the intention of appellee to deliver their products to other portions of the State, namely central, northwest and northeast Arkansas.

We hold that a preponderance of the evidence sustains the Commission's findings that there is a public need for the trucking service proposed by appellee in the area covered by the certificate. *Potashnick Truck Service Inc.* v. *Missouri and Arkansas Transportation Co.*, 203 Ark. 506, 157 S. W. 2d 512; *Southeast Arkansas Freight Lines Inc.* v. *Arkansas Corporation Commission*, 204 Ark. 1023, 166 S. W. 2d 262.

Finding no error in the judgment of the trial court, the case is affirmed.